UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGIA CELENTANO,

                    Plaintiff,

    v.

CITY OF RENO, *et al.*,

                    Defendants.

Case No. 3:21-cv-00013-MMD-CSD

ORDER

## I.    SUMMARY

P*ro se* Plaintiff Georgia Celentano attempts to sue multiple Defendants for alleged discrimination, code violations, and other tort claims generally arising from her time living in Reno, Nevada. (ECF No. 1.) Only three Defendants remain after the Court dismissed multiple Defendants under Fed. R. Civ. P. 4(m). (ECF No. 14.) Before the Court is Defendant the City of Reno's motion to dismiss. (ECF No. 15 ("Motion").)[1] As further explained below, the Court dismisses the entire Complaint (ECF No. 1) without prejudice and with leave to amend for noncompliance with Rule 8, because Celentano never responded to the Motion, and because the Complaint fails to state a legally cognizable claim under 42 U.S.C. § 1983, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), or otherwise.

## II.    BACKGROUND

In the Complaint, Celentano sues multiple Defendants for a variety of alleged misconduct. Celentano's claims run the gamut from claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), claims for elder abuse and racial discrimination, to code violations, bribery, and security deposit fraud. Celentano's claims

---

[1]As further explained below, Celentano never responded to the Motion despite being given an extension of time to do so. (ECF No. 22.) The Motion was docketed as ECF No. 15, but Reno filed a notice of corrected image of the Motion at ECF No. 16.

1   against the remaining three Defendants can roughly be divided into what appears to be

2   a claim for *Monell* liability against Reno, and negligence or other tort claims against the

3   other two Defendants.

4          Celentano initially attempted to sue eighteen Defendants. (ECF No. 1.) The Court

5   dismissed fifteen Defendants without prejudice because Celentano failed to timely file

6   proofs of service for them. (ECF No. 14.) The remaining Defendants are Reno, Jai

7   Narayan, and Siegel Suites. Jai Narayan appears to own one or more motels in Reno,

8   and Siegal Suites is a hotel. (ECF No. 1 at 8, 9.) Reno's Motion is primarily based on

9   Celentano's failure to plausibly allege a cognizable claim under § 1983/*Monell* and

10  contains an alternative request for a more definite statement. (ECF No. 16.) The Court

11  granted Celentano's request for an additional six weeks to respond to the Motion. (ECF

12  No. 22.) Despite this extension, Celentano has not responded to Reno's Motion.

13  **III.    DISCUSSION**

14         The Court dismisses the Complaint without prejudice for failing to satisfy the notice

15  pleading standards of Fed. R. Civ. P. 8(a). The Court may—as it does here—*sua sponte*

16  dismiss a complaint for failure to comply with Rule 8. *See Simmons v. Abruzzo*, 49 F.3d

17  83, 86-87 (2d Cir. 1995); *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d

18  1166, 1173 (D. Haw. 2012).

19         A properly pled complaint must provide "a short and plain statement of the claim

20  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

21  *Twombly*, 550 U.S. 544, 555 (2007). The Rule 8(a) notice pleading standard requires

22  Celentano to "give the defendant fair notice of what the . . . claim is and the grounds upon

23  which it rests." *Id.* at 555 (internal quotation marks and citation omitted). Moreover, the

24  notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says

25  too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106,

26  1109 (9th Cir. 2013) (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637

27  F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held – and we know of no authority

28  supporting the proposition – that a pleading may be of unlimited length and opacity. Our

cases instruct otherwise.") (citations omitted)); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal under Rule 8, and stating that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"). In addition, and although a *pro se* complaint is subject to a liberal construction, "even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action." *See In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982) (citation omitted).

Celentano's Complaint violates all of these rules. It fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is neither concise nor direct. *See* Fed. R. Civ. P. 8(d). It says too much. It does not reasonably inform adverse parties what the causes of action are, much less plausibly allege that each element of each cause of action is satisfied. Indeed, the Court cannot discern from the Complaint which particular legal violations are alleged against which Defendant. The Complaint is a difficult-to-follow narrative linking together seemingly dissimilar claims and occurrences against various unrelated Defendants. The Court therefore determines that Celentano's Complaint fails to satisfy the notice pleading requirements of Rule 8(a) and dismisses it without prejudice.[2]

That said, the Court grants Celentano leave to file an amended complaint that provides "a short and plain statement of the claim showing" Celentano "is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), considering Celentano's *pro se* status and the Court's inability to determine that Celentano's putative claims are all futile. Should Celentano choose to file an amended complaint, Celentano must use the Court's complaint form pursuant to LSR 2-1, though Celentano may insert additional pages to supplement the complaint

---

[2]Alternatively, the Court grants Reno's Motion because Celentano never filed a response to it. (ECF No. 24 (noting non-opposition).) *See also* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Moreover, the Court agrees with Reno that Celentano's Complaint does not sufficiently allege a *Monell* claim against it. (ECF No. 16 at 3-4.)

form. The Court further advises Celentano that an amended complaint replaces the Complaint, so the amended complaint must be complete in of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). This means that any amended complaint Celentano files must contain all of Celentano's claims and supporting facts and identify all defendants that Celentano intends to sue.

If Celentano seeks to pursue a § 1983/*Monell* claim against Reno, Celentano should note that in order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Said otherwise, Celentano must point to specific constitutional rights that Celentano has been deprived of and explain how Reno's policy is the moving force behind that violation or violations.

If Celentano continues to pursue claims against the individual residential properties discussed in the Complaint, the Court construes Celentano's putative claims as falling into two categories: ADA discrimination claims and negligence claims. If Celentano pursues an ADA discrimination claim, Celentano should note that "the ADA's reach is not unlimited. Rather, as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement[s] of Article III by demonstrating his standing to sue at each stage of the

1  litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)
2  (citations omitted).

3     To establish standing, Celentano must "demonstrate that [s]he has suffered an
4  injury-in-fact, that the injury is traceable to the [Defendant's] actions, and that the injury
5  can be redressed by a favorable decision." *Id.* (citation omitted). An ADA Title III plaintiff
6  may establish standing in one of two ways: (1) demonstrating an intent to return to a
7  noncompliant accommodation; or (2) demonstrating that [s]he is deterred from visiting a
8  noncompliant public accommodation because s/he has encountered barriers related to
9  his/her disability there. *See id.* at 949; *see also generally Luu v. Ramparts, Inc.*, 926 F.
10 Supp. 2d 1178 (D. Nev. 2013) (dismissing the plaintiff's ADA complaint but describing the
11 sort of allegations that would be sufficient to state a claim).

12    Based on its review of the Complaint, the Court notes that Celentano's negligence
13 claims fall largely into three categories: insect infestations, code violations, and security
14 deposit fraud claims. The Court further notes that, given the limits on the Court's subject
15 matter jurisdiction including the amount-in-controversy requirement, Celentano may be
16 better served by bringing any negligence claims like these ones in state court.

17 **IV.  CONCLUSION**

18    The Court notes that the parties made several arguments and cited to several
19 cases not discussed above. The Court has reviewed these arguments and cases and
20 determines that they do not warrant discussion as they do not affect the outcome of the
21 issues before the Court.

22    It is therefore ordered that the City of Reno's motion to dismiss (ECF No. 15) is
23 granted.

24    It is further ordered that the Complaint (ECF No. 1) is dismissed in its entirety,
25 without prejudice, and with leave to amend.

26    It is further ordered that, if Celentano chooses to file an amended complaint,
27 Celentano must file that amended complaint by August 31, 2022.
28 ///

1        It is further ordered that, if Celentano fails to file an amended complaint curing the

2    deficiencies outlined in this order by August 31, 2022, the Court will dismiss this action

3    without prejudice for failure to state a claim on September 1, 2022.

4        DATED THIS 19th Day of July 2022.

5

6    _____

7    MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28