UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGIA CELENTANO,<br><br>　　　　　　　Plaintiff,<br>v.<br>THE VILLAGE ON SAGE STREET, *et al.*,<br>　　　　　　　Defendants. | Case No. 3:21-cv-00013-MMD-CSD<br><br>ORDER |

P*ro se* Plaintiff Georgia Celentano attempted to sue multiple Defendants for alleged discrimination, code violations, and other tort claims generally arising from her time living in Reno, Nevada. (ECF No. 1 ("Complaint").) On July 19, 2022, the Court dismissed her Complaint in its entirety, without prejudice and with leave to amend, though it also warned her it would dismiss her case in its entirety without prejudice on September 1, 2022, if she did not file an amended complaint by August 31, 2022. (ECF No. 28.) That deadline expired without Celentano filing an amended complaint. Accordingly, and as further explained below, the Court dismisses her case in its entirety, without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order).

///

In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Celentano's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted).

Because this action cannot realistically proceed without Celentano filing an amended complaint, the only alternative is to enter a second order setting another deadline. But Celentano has not filed anything since the Court issued its prior order, the

Court gave Celentano ample time to file an amended complaint and warned her that it would dismiss her case if she did not, so issuing a second order will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed, in its entirety, without prejudice based on Celentano's failure to file an amended complaint in compliance with the Court's July 19, 2022, order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Celentano wishes to pursue her claims, she must file a complaint in a new case.

DATED THIS 1st Day of September 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE